**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1482
_____

UNITED STATES OF AMERICA

v.

TREIU THUY DUONG,
                                       Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-14-cr-00073-001)
District Judge:  Hon. Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 21, 2017

Before:  AMBRO, JORDAN, and ROTH, *Circuit Judges*.

(Opinion Filed: April 12, 2017)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

---

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Treiu Thuy Duong pled guilty to conspiracy to distribute and possess with intent to distribute a controlled substance analogue, alpha-PVP ("a-PVP"). She now seeks vacatur of her sentence of 70 months' imprisonment and a remand for re-sentencing, arguing that the District Court plainly erred by applying an overly restrictive standard when it considered her personal circumstances. For the reasons that follow, we will affirm.

## I.    Background

Duong is a 38-year-old Vietnamese immigrant and naturalized American citizen. She was married, but divorced soon after her daughter was born. While her ex-husband has been supportive financially, he has not been actively involved in his daughter's life. Duong is the primary caretaker for the girl, who is now 13 years old. Before the crime at issue in this case, Duong had no criminal history.

In 2013 and 2014, law enforcement officials conducted an investigation in Pennsylvania into the trafficking of a-PVP, which is a controlled substance analogue under 21 U.S.C. § 802(32). They intercepted a mail parcel containing a-PVP and traced it back to Duong and businesses she was using to distribute the drug. After executing a search warrant at Duong's residence, authorities seized 843 grams of a-PVP, $7,053 in cash, 48 uncashed money orders totaling $17,361, some 200 United States silver coins, 500 Canadian bison silver coins, two handguns, magazines, computer items, cell phones, digital scales, and two vehicles.

Duong was indicted on one count of conspiracy to distribute a-PVP in violation of 21 U.S.C. § 846. She pled guilty in exchange for a government recommendation that she

2

receive a three-level reduction in her offense level for acceptance of responsibility.  She also agreed to forfeit the assets noticed in her indictment.  (App. at 36-38.)

The presentence report calculated a base offense level of 32, given the amount (10 kilograms) of a-PVP involved in Duong's offense.  A two-level enhancement was made for possession of the weapon found during the search of Duong's residence.  And a three-level downward adjustment for acceptance of responsibility was recommended, which lowered the offense level to 31.  For someone, like Duong, with no criminal history, the guidelines range for that offense level is 108 to 135 months' imprisonment.  Neither party objected to the presentence report.

After motions practice, the District Court gave a downward departure and set the offense level at 28, which corresponds to a guidelines range of 78 to 97 months.  At the sentencing hearing, Duong sought a downward variance based on her personal history and character, her model conduct during supervised release, and her status as a single mother.  The government argued for a sentence within the guidelines range, citing the severity and effect of Duong's offense.  The Court called this "a very difficult case" because of the nature of the offense in comparison with Duong's otherwise law-abiding past and her behavior during supervised release.  (App. at 112-13.)  It then assessed the factors set forth in 18 U.S.C. § 3553(a) and said:

> Well, I've tried to take into account all of the factors in this case, and while your own personal circumstances are *not generally relevant*, I understand you're a single mother with a 12-year old child, who at least has a family, your parents to take care of her.  Because no matter what happens in this case, you're going to end up being in jail for a period of time that's more than one would expect with somebody that has no criminal history.

3

(App. at 116 (emphasis added).) On those grounds, the Court sentenced Duong to 70 months' imprisonment, varying downward eight months from the recommended guidelines range. Duong did not object to the sentence at the time. This appeal ensued.

## II. Discussion[1]

We review Duong's sentence for plain error. *See United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc) ("We now hold that ... when a party wishes to take an appeal based on a procedural error at sentencing ... that party must object to the procedural error complained of after sentence is imposed in order to avoid plain error review on appeal.").[2] For there to be plain error, "[t]here must be an 'error' that is 'plain' and that 'affect[s] substantial rights.'" *United States v. Olano*, 507 U.S. 725, 732 (1993) (second alteration in *Olano*) (quoting Fed. R. Crim. P. 52). Moreover, we do not correct such an error unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

Duong contends that the District Court plainly erred by considering her personal circumstances under a restrictive standard applicable to departures rather than variances.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] Whether the Court applied the correct standard of review for a request for a variance is a matter of procedure. *See Flores-Mejia*, 759 F.3d at 255-56 (acknowledging that "whether, in order to preserve the objection for appeal and to avert plain error review, a defendant must object after the sentence is pronounced to the district court's failure to meaningfully consider his argument" for a variance is "a procedural objection to the sentencing process.").

She then argues that the sentence was substantively unreasonable because of that alleged procedural flaw. We disagree.

"We expressly distinguish between departures from the guidelines and variances from the guidelines." *United States v. Brown*, 578 F.3d 221, 225 (3d Cir. 2009) (citing *United States v. Vampire Nation*, 451 F.3d 189, 195 n.2 (3d Cir. 2006)). Departures are changes to the guidelines calculation that require a motion by the requesting party and are "based on a specific Guidelines departure provision." *Id.* (quoting *Vampire Nation*, 451 F.3d at 195 n.2). Variances are discretionary changes to the sentencing guidelines range based on a review of the § 3553(a) factors. *Id.* at 226. In that regard, "[d]istrict courts have greater leeway in deciding what to consider in determining whether to vary from the Guidelines." *United States v. Lofink*, 564 F.3d 232, 240 (3d Cir. 2009). "[We] review[] a variance for reasonableness ... by evaluating the district court's analysis of the § 3553(a) factors, whereas [we] review[] a departure [by] consult[ing] the relevant guidelines provision in order to determine whether the departure was appropriate." *Brown*, 578 F.3d at 226.

Duong construes the Court's use of the phrase "not generally relevant" as the standard for departures, but we do not think the District Court was confused. The request was plainly for a variance – Duong made no motion for a departure and did not cite to any departure provision. The record shows that the Court understood her request as one

5

for a variance and that it applied the correct standard.[3]  First, the Court noted that it had reviewed "on more than one occasion" all relevant documentation in preparation for sentencing, including the presentence report, supplements to the report, sentencing memoranda, and character letters.  (App. at 107.)  It then reviewed on the record the nature and seriousness of the offense, Duong's otherwise-clean criminal history, and her conduct during supervised released.  Next, it specifically addressed each of the § 3553(a) factors, including Duong's personal circumstances.  After that thorough analysis, it granted Duong's request for a variance and imposed a 70-month sentence, eight months below the guidelines range.  We therefore see no error in the sentencing, let alone plain error.

Duong's final argument is that her sentence was substantively unreasonable as "directly connected to the procedural flaw."  (Opening Br. at 21.)  Because there was no procedural error, that substantive unreasonableness argument fails too.

## III.    Conclusion

For the foregoing reasons, we will affirm.

---

[3] The Court had already granted a departure motion prior to her sentencing.  The Court's review of that motion, in comparison with its review of Duong's variance request, indicates that it understood the differences between the two.